## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Hosea,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 15, 2016

Court of Appeals Case No.
24A01-1512-CR-2188

Appeal from the Franklin Circuit Court

The Honorable Clay M. Kellerman, Judge

Trial Court Cause No.
24C02-1408-F5-949

**Crone, Judge.**

# Case Summary

[1] Keith Hosea appeals his conviction for level 5 felony burglary following a jury trial. The sole issue presented for our review is whether the State presented sufficient evidence to support his conviction. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] On July 29, 2014, at about 4:44 a.m., Keith Hosea used a crowbar to break in and enter through the back door of a bar. Four infrared surveillance cameras captured Hosea breaking into and re-entering the bar three separate times over a forty-five-minute period. The cameras also captured Hosea stealing alcohol, t-shirts, candy, and money from the bar.

[3] Hosea lived in a trailer that was about a five-minute walk from the bar. At the time of the burglary Hosea was banned from the bar and was only allowed to purchase carryout alcohol. Hosea is described as being tall and lanky, with hollow cheeks and high cheek bones and a scar on the right side of his face. Due to Hosea's distinct features three witnesses were able to identify him in the surveillance video before and during the trial. Bar owner Beverly Harrison has known Hosea since the 1990s and was able to identify Hosea in the video by his cheek, jawline, hair, and gait. Longtime bartender Lujuana Wilson has known Hosea through her family her whole life and identified Hosea because of his hollow cheeks and scar on the right cheek and by his build. Franklin County Sheriff's Deputy John Roberts has known Hosea through his family since 1984

and identified Hosea by his high cheek bones, the structure of his nose, and the way he carried himself. Each person who identified Hosea had no doubt in his or her mind that he was the person in the video. Hosea was arrested three weeks after the burglary occurred.

[4] The State charged Hosea with level 5 felony burglary. Following a trial, the jury found Hosea guilty as charged. This appeal ensued.

## Discussion and Decision

[5] Hosea challenges the sufficiency of the evidence to support his burglary conviction. "When reviewing the sufficiency of the evidence, we do not reweigh evidence or judge witness credibility; rather, we consider only the evidence and reasonable inferences most favorable to the judgment." *Hudson v. State*, 20 N.E.3d 900, 903 (Ind. Ct. App. 2014). "This review respects the factfinder's exclusive province to weigh conflicting evidence." *Id.* (citation and quotation marks omitted). "We must affirm if a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt based upon the probative evidence and reasonable inferences drawn from the evidence presented." *Id.*

[6] Hosea's sole assertion on appeal is that due to the "[g]reen fuzzy" quality of the surveillance video the witnesses' identifications of him were insufficient to prove that he committed the burglary. Appellant's Br. At 12. We disagree. Three witnesses who have known Hosea for years were able to use the video and still photographs taken from the video to identify him. Each witness had knowledge of his physical appearance and gait and was able to identify him by

pinpointing his distinct features in the video and photographs. Hosea also argues that none of the stolen items were found in his possession. However, Hosea was arrested a few weeks after the incident, which gave him adequate time to get rid of the evidence.

[7] Hosea's argument is essentially an invitation for this Court to reweigh the evidence and reassess witness credibility, which we will not do. The State presented sufficient evidence to allow the jury to determine that Hosea committed burglary. Therefore, we affirm Hosea's conviction.

[8] Affirmed.

Najam, J., and Robb, J., concur.